IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| KENTON W. STEPHENS, <br><br> Plaintiff, <br><br> vs. <br><br> ALLIANT TECHSYSTEMS CORPORATION and FIDELITY INVESTMENTS INSTITUTIONAL OPERATIONAL COMPANY, <br><br> Defendants. | **REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL** (**ECF NO. 67**) <br><br> Case No. 1:15-cv-108-RJS-EJF <br><br> District Judge Robert J. Shelby <br> Magistrate Judge Evelyn J. Furse |

Plaintiff Kenton W. Stephens, proceeding *pro se*, moves the Court[1] to grant his Motion to Proceed In Forma Pauperis on appeal to the Tenth Circuit from the undersigned's Order denying Mr. Stephens's Motion for Ex Parte Hearing and Motion to Change Venue.  (*See* Order, ECF No. 44.)

Under 28 U.S.C. § 1915, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  In addition, Rule 24 of the Federal Rules of Appellate Procedure provides that "a party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court–before or after the notice of appeal is filed–certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification."  Fed. R. App. P. 24(a)(3)(A).  Mr. Stephens does not proceed in forma pauperis in the District

---

[1] On August 27, 2015, Judge Robert J. Shelby referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B), which authorizes the undersigned to handle all case matters up to and including Reports & Recommendations on dispositive issues.  (ECF No. 6.)

Court.  Additionally, the undersigned certifies that Mr. Stephens does not appeal in good faith because the Court has not rendered its final judgment.

On November 10, 2015, the undersigned held an initial pretrial conference and heard from the parties regarding several pending motions.  During the hearing, the undersigned denied Mr. Stephens's Motion to Change Venue, (ECF No. 23), and Motion for Ex Parte Hearing, (ECF No. 3).  On December 23, 2015, the undersigned issued an Order memorializing the denials. (*See* Order, ECF No. 44.)  The undersigned explained in the Order that an ex parte hearing to determine Mr. Stephens's tax liability would constitute an extraordinary remedy and contravene the civil rules of procedure.  (*See id.* at 2.)  The undersigned also analyzed Mr. Stephens's allegations and found the interests of justice did not justify a change of venue at the time.   (*See id.* at 3–4.)

Prior to the entry of the written Order, Mr. Stephens filed two "Notice[s] of Appeal" of the undersigned's oral decisions given during the hearing to deny his Motions.  (*See* ECF Nos. 25 & 26.)  The Notices are docketed as Objections, though each states that Mr. Stephens appeals the undersigned's denial of his Motion to Change Venue and Motion for Ex Parte Hearing to the Tenth Circuit.  (*See id.*)

The undersigned's Order resolved two pretrial, non-dispositive matters – venue and Mr. Stephens's request for an ex parte hearing on his tax liability.  (*See generally* Order, ECF No. 44.)  Federal Rule of Civil Procedure 72(a) provides the procedure for a party to object to magistrate judge decisions on pretrial matters that do not dispose of a party's claim:

> A party may serve and file objections to the order within 14 days after being served with a copy.  A party may not assign as error a defect in the order not timely objected to.  The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

28 U.S.C. § 636(b)(1)(A) provides the statutory basis for this procedure.  A party's failure to follow the Rule 72 procedure for objecting to a magistrate judge's order may result in a waiver of the party's right to contest that order as in error.  *See, e.g.*, *Borandi v. USAA Casualty Ins. Co.*, No. 2:13-cv-141-TS, 2015 WL 569284, at *1 (D. Utah Feb. 10, 2015) (finding plaintiffs waived any objection to the magistrate judge's order by failing to file a Rule 72(a) objection).  The Tenth Circuit holds that "[p]roperly filed objections resolved by the district court are a prerequisite to [its] review of a magistrate judge's order under § 636(b)(1)(A)."  *S.E.C. v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1269 (10th Cir. 2010) (quoting *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997)).  Mr. Stephens seeks to appeal the undersigned's Order to the Tenth Circuit without the District Judge's review.  At this time, without any objection resolved by the District Court, Mr. Stephens lacks a basis to appeal from the undersigned's Order.  The Tenth Circuit appears to have recognized this failure as well.  (*See* Clerk's Order 2, ECF No. 66.)  Therefore, Mr. Stephens's appeal lacks the good faith necessary for the undersigned to approve the in forma pauperis request.

Besides the limitations imposed by Rule 72(a), Mr. Stephens appeals prematurely because the undersigned's Order resolved non-dispositive matters and did not address the merits of Mr. Stephens's underlying claim.  Rule 54(b) states that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties."  Fed. R. Civ. P. 54(b).  The undersigned's December 23, 2015 Order did not adjudicate any claims or the rights and liabilities of any parties, and the case remains active at this time.

In addition to final orders, parties may appeal a "small class" of collateral rulings that do not end a case.  *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (quoting *Cohen v.*

*Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949)).   This small class "includes only decisions that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action." *Id.* (quoting *Swint v. Chambers County Comm'n*, 514 U.S. 35, 42 (1995)).   Thus, even if the challenged order met the last two requirements, it does not meet the conclusive requirement because the District Court has not ruled on the objections.   For these reasons, Mr. Stephens's appeal lacks good faith.

In conclusion, the undersigned certifies Mr. Stephens does not appeal in good faith and RECOMMENDS the District Court deny Mr. Stephens's Motion to Proceed In Forma Pauperis in the Tenth Circuit, (ECF No. 67).

The Court will send copies of this Report and Recommendation to the parties who are hereby notified of their right to object to the same.   The Court further notifies the parties that they must file any objection to this Report and Recommendation with the clerk of the court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of service thereof.   Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 10th day of February, 2016.

BY THE COURT:

EVELYN J. FURSE
United States Magistrate Judge

4