IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| KENTON W. STEPHENS,<br><br>      Plaintiff,<br><br>vs.<br><br>ALLIANT TECHSYSTEMS CORPORATION and FIDELITY INVESTMENTS INSTITUTIONAL OPERATIONAL COMPANY,<br><br>      Defendants. | **REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT**<br>(ECF NO. 4)<br><br>Case No. 1:15-cv-108-RJS-EJF<br><br>District Judge Robert J. Shelby<br>Magistrate Judge Evelyn J. Furse |

      On August 26, 2015, Plaintiff Kenton W. Stephens filed a Complaint *pro se* against Defendants Alliant Techsystems Inc. ("ATK") and Fidelity Investments Institutional Operations Company, Inc. ("Fidelity"). (ECF No. 1.) Mr. Stephens also filed a motion for declaratory judgment on Mr. Stephens's tax liability, asking the Court to rule "null and void" a Form 1099-R the Defendants submitted to the IRS reporting a large distribution of income to Mr. Stephens in 2014. (Mot. for Ct. to Issue Declaratory J. on Pl.'s Tax Liability ("Motion") 1, ECF No. 4.) On November 10, 2015, the undersigned[1] held an Initial Pretrial Conference in this case and, among other things, set a briefing schedule for Mr. Stephens's Motion for Declaratory Judgment. On December 1, 2015, ATK and Fidelity opposed Mr. Stephens's Motion, arguing that it fails as a matter of law. (Defs.' Opp'n to Pl.'s Mot. for Declaratory J. & Mot. for Summ J. 6–8, ECF No. 31.)

---

[1] On August 27, 2015, Judge Robert J. Shelby referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B). (ECF No. 6.)

1

After considering the parties' written memoranda and relevant legal authorities, the undersigned RECOMMENDS the Court deny Mr. Stephens's motion for declaratory judgment, (ECF No. 4). Because Mr. Stephens seeks what amounts to a declaration on rights and liabilities with respect to federal taxes, the Declaratory Judgment Act bars Mr. Stephens's request for declaratory relief.

## DISCUSSION

The Declaratory Judgment Act states that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). However, the Declaratory Judgment Act specifically excludes cases "with respect to Federal taxes." 28 U.S.C. § 2201(a); *Sterling Consulting Corp. v. United States*, 245 F.3d 1161, 1165 (10th Cir. 2001); *Flora v. United States*, 362 U.S. 145, 164 (1960). In other words, the Declaratory Judgment Act explicitly "prohibits a court from declaring the rights of litigating parties with respect to federal taxes."[2] *Wyo. Trucking Ass'n, Inc. v. Bentsen*, 82 F.3d 930, 932–33 (10th Cir 1996); *Fostvedt v. United States*, 978 F.2d 1201, 1203 (10th Cir. 1992).

Mr. Stephens seeks a declaration that the Form 1099-R reporting pension benefits paid to Mr. Stephens is "null and void" because Mr. Stephens never cashed Fidelity's checks or otherwise collected those payments. (Mot. 1, ECF No. 4.) Mr. Stephens does not present any legal grounds for this unusual request for declaratory relief. While the Courts must liberally

---

[2] The Declaratory Judgment Act includes exceptions to the tax exception provision for "civil actions involving an antidumping or countervailing duty proceeding and actions brought under 26 U.S.C. § 7428, which allows for a declaratory judgment with respect to tax-exempt status, and 11 U.S.C. §§ 505 or 1146, both of which provide for a determination of taxes for entities in bankruptcy." *Sterling Consulting Corp.*, 245 F.3d at 1165–66; *see* 28 U.S.C. § 2201(a). Mr. Stephens has not pled these exceptions and they do not apply to the Complaint.

construe *pro se* pleadings, the Court may not act as Mr. Stephens's advocate or make arguments on his behalf. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Notwithstanding Mr. Stephens's failure to identify law supporting the relief he seeks, the Declaratory Judgment Act's bar against declaratory relief involving federal taxes prohibits this Court from declaring the Form 1099-R "null and void." Mr. Stephens asks the Court to nullify the Defendants' reported pension plan distribution, thereby relieving Mr. Stephens of any tax liability on that distribution. Such an order would constitute a declaration on Mr. Stephens's rights and liabilities "with respect to federal taxes," in direct contravention of the Declaratory Judgment Act. *Wyo. Trucking*, 82 F.3d at 935 (finding suit challenging federal excise tax on fuel barred as "a declaration as to the rights of litigating parties with respect to federal taxes").

Accordingly, the undersigned RECOMMENDS the Court deny Mr. Stephens's motion for declaratory judgment, (ECF No. 4).

The Court will send copies of this Report and Recommendation to the parties, who the Court hereby notifies of their right to object to the same. The Court further notifies the parties that they must file any objection to this Report and Recommendation with the clerk of the court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of service thereof. Failure to file timely and specific objections may constitute waiver of objections upon subsequent review.

DATED this 10th day of March, 2016.

                                        BY THE COURT:

                                        */s/ Evelyn J. Furse*
                                        EVELYN J. FURSE
                                        United States Magistrate Judge