IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| KENTON W. STEPHENS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ALLIANT TECHSYSTEMS CORPORATION and FIDELITY INVESTMENTS INSTITUTIONAL OPERATIONAL COMPANY,<br><br>　　　　Defendants. | **REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 5)**<br><br>Case No. 1:15-cv-108-RJS-EJF<br><br>District Judge Robert J. Shelby<br>Magistrate Judge Evelyn J. Furse |

On August 26, 2015, Plaintiff Kenton W. Stephens, proceeding *pro se*, filed a Complaint and Motion for Summary Judgment against Defendants Alliant Techsystems Inc. ("ATK") and Fidelity Investments Institutional Operations Company, Inc. ("Fidelity"). (ECF Nos. 1 & 5.) The undersigned[1] held an Initial Pretrial Conference in this case on November 10, 2015, during which the undersigned set a schedule for briefing Mr. Stephens's Motion. (ECF No. 24.) On December 1, 2015, ATK and Fidelity opposed the Motion, arguing that summary judgment is inappropriate because Mr. Stephens does not identify "any cognizable legal claim" entitling him to judgment as a matter of law.[2] (Defs.' Opp'n to Pl.'s Mot. for Declaratory J. & Mot. for Summ. J. (Opp'n) 4–6, ECF No. 31.)

After considering the parties' written memoranda and relevant legal authorities, the undersigned RECOMMENDS the District Court deny Mr. Stephens's Motion for Summary

---

[1] On August 27, 2015, Judge Robert J. Shelby referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B). (ECF No. 6.)
[2] ATK and Fidelity also filed a Motion for Summary Judgment, (ECF No. 30), which the undersigned addresses in a separate Report and Recommendation.

1

Judgment, (ECF No. 5).[3] Mr. Stephens fails to identify any legal claim or principle, let alone put forth material facts and evidence, demonstrating he is entitled to summary judgment.

## DISCUSSION

A court may grant summary judgment only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Neither Mr. Stephens's Motion nor his Complaint state the legal theory under which he proceeds. Mr. Stephens also fails to cite to any legal authority to support his Motion and fails to provide a statement of elements and undisputed material facts, (*see* Pl.'s Mot. for Ct. to Issue Summ. J. on Pl.'s Tax Liability Based on ATK Filed IRS 1099R Form When No Income Was Ever Actually Distributed For Tax Year 2014 ("Motion") 1, ECF No. 5), as required by Rule 56-1(b) of the Rules of Practice for the United States District Court for the District of Utah.[4] The undersigned construes Mr. Stephens's filings with leniency because he files *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Yet the undersigned may not act as Mr. Stephens's advocate or make arguments on his behalf. Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

By contrast, however, because Mr. Stephens brings a Motion for Summary Judgment, the Court "must view the evidence and make all reasonable inferences in the light most favorable to the nonmoving party." N. Natural Gas Co. v. Nash Oil & Gas, Inc., 526 F.3d 626, 629 (10th Cir. 2008) (citation omitted). Acknowledging this guidance, the undersigned views the pleadings

---

[3] Pursuant to DUCiv R 7-1(f), the undersigned finds oral argument unnecessary and makes its recommendation on the basis of the record and the parties' memoranda.

[4] The parties may access the Rules of Practice for the United States District Court for the District of Utah online at http://www.utd.uscourts.gov/documents/rules.html.

with leniency to Mr. Stephens but views the facts with all deference to ATK and Fidelity, the non-movants.

    DUCiv R 56-1(b) states, in part:

A motion for summary judgment must include the following sections:

    (1) An introduction summarizing why summary judgment should be granted;

    (2) A section entitled "Statement of Elements and Undisputed Material Facts" that contains the following:

        (A) Each legal element required to prevail on the motion;

        (B) Citation to legal authority supporting each stated element (without argument);

        (C) Under each element, a concise statement of the material facts necessary to meet that element as to which the moving party contends no genuine issue exists. Only those facts that entitle the moving party to judgment as a matter of law should be included in this section. Each asserted fact must be presented in an individually numbered paragraph that cites with particularity the evidence in the record supporting each factual assertion (e.g., deposition transcript, affidavit, declaration, and other documents).

    (3) An argument section explaining why under the applicable legal principles the asserted undisputed facts entitle the party to summary judgment.

Mr. Stephens's failure to follow the requirements of the local rules provides grounds for the Court to deny the motion. DUCiv R 7-1(a)(1) ("Failure to comply with the requirements of this section may result in sanctions, including . . . denial of the motion . . . ."); *see also* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion . . . or issue any other appropriate order."). However, given Mr. Stephens's *pro se* status, the undersigned does not recommend denial on this basis.

The undersigned recommended the District Court deny Mr. Stephens's request for declaratory relief in a prior issued Report and Recommendation.  (*See* Report & Recommendation 2–3, ECF No. 69.)  Beyond declaratory relief, Mr. Stephens does not identify any legal theory for his case against ATK and Fidelity.  Mr. Stephens's Motion consists of a single paragraph arguing that the Court should invalidate the Form 1099-R Fidelity issued for pension benefits from the Plan.  (Motion 1, ECF No. 5.)  In generously construing Mr. Stephens's filings, Mr. Stephens appears to call upon the Court's equitable powers to declare the Form 1099-R void since he never received the money.  *See, e.g.*, *Seymour v. Freer*, 75 U.S. 202, 218 (1868) ("There being a trust and a lien a court of equity ha[s] unquestionable authority to apply its flexible and comprehensive jurisdiction in such manner as might be necessary to the right administration of justice between the parties.").  However, the Supreme Court has cautioned that while the federal courts' equitable powers remain "flexible . . . that flexibility is confined within the broad boundaries of traditional equitable relief." *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 322 (1999).  The Supreme Court emphasized that "the equitable powers conferred by the Judiciary Act of 1789 did not include the power to create remedies previously unknown to equity jurisprudence." *Id.* at 332.  In other words, this Court may not employ its equity jurisdiction "[t]o accord a type of relief that has never been available before." *Id.* at 322.  Moreover, the Tenth Circuit recently noted that "[w]hen no statutory or constitutional provision is cited to support the jurisdiction of a federal court, a theory that such court has inherent authority over the proposed action is generally a weak reed." *Tokoph v. United States*, 774 F.3d 1300, 1305 (10th Cir. 2014), *as amended on reh'g* (Jan. 26, 2015) (holding district court had no inherent equitable authority to expunge a criminal conviction).

Mr. Stephens's failure to include a separate statement of elements and numbered list of undisputed material facts greatly complicates the Court's task on summary judgment. Nonetheless, the parties do not appear to dispute the following facts:  Beginning in August 2009, Fidelity sent Mr. Stephens benefit checks for Mr. Stephens's monthly pension benefit from Thiokol Propulsion Pension Plan (the "Plan").  (Compl. ¶¶ 1, 3, ECF No. 1; Opp'n 3–4, ECF No. 31.)  Mr. Stephens returned the envelopes unopened to ATK and Fidelity, who ultimately voided the checks.  (Compl. ¶¶ 3, 8, ECF No. 1; *see* Opp'n 4, ECF No. 31.)  In October 2014, Fidelity issued a lump-sum check of all previous benefits due to Mr. Stephens.  (Compl. ¶¶ 2, 10, ECF No. 1; Opp'n 4, EECF No. 31.)  Fidelity issued the Form 1099-R following the lump-sum check. (Compl. ¶ 2, ECF No. 1; Opp'n 4, ECF No. 31.)  Mr. Stephens has never cashed or deposited any of the pension checks.  (Compl. ¶¶ 3, 4, 8, ECF No. 1; *see* Opp'n 4, 9, ECF No. 31.)  In his Complaint, Mr. Stephens includes the Form 1099-R and a letter from ATK confirming that Fidelity voided the pension checks issued to Mr. Stephens between August 1, 2009 and February 1, 2015.  (Compl. Exs. 1 & 2, ECF No. 1.)

ATK and Fidelity point out that the Internal Revenue Code requires pension plans to make payments once a participant reaches seventy and a half years of age.  (Opp'n 8, ECF No. 31; 26 I.R.C. § 401(a)(9)(A), (C).)  ATK and Fidelity also explain that "the receipt of the checks—and not their negotiation—is the important fact in determining whether income is taxable in a given year."  (Opp'n 9, ECF No. 31 (quoting *U.S. v. Thompson*, 518 F.3d 832, 851 (10th Cir. 2008)).)  They go on citing the Internal Revenue Code as further requiring employers and plan administrators to submit tax forms to the Internal Revenue Service for reporting pension distributions.  (Opp'n 8, ECF No. 31; *see* 26 I.R.C. § 6047(d).)[5]  A Form 1099-R satisfies the

---

[5] 26 I.R.C. § 6047(d) provides, in relevant part:

5

reporting requirement.  (Opp'n 8, ECF No. 31; Treas. Reg. § 35.3405–1T, Q&A e-9.)  Internal Revenue Code § 6721 prescribes penalties for a plan administrator's failure to timely or correctly file a Form 1099-R with the Internal Revenue Service.

While certainly the undersigned understands Mr. Stephens's fear that he will have to pay taxes on income he has not received, the undersigned also understands that ATK and Fidelity must comply with their legal obligations under the Internal Revenue Code.  Mr. Stephens does not plead any legal claim or cite any authority that permits the Court to void the Form 1099-R as a matter of law, whether pursuant to equity or otherwise.  Mr. Stephens, as the movant, has the burden to show he "is entitled to judgment as a matter of law."  *See* Fed. R. Civ. P. 56(a). Because Mr. Stephens has failed to direct the Court to any law that would authorize the Court to invalidate the form, and ATK and Fidelity have put forth a basis not to invalidate the form, Mr. Stephens has failed to show he is entitled to judgment as a matter of law.

## RECOMMENDATION

For the reasons set forth above, the undersigned RECOMMENDS the District Court deny Mr. Stephens's Motion for Summary Judgment, (ECF No. 5).

The Court will send copies of this Report and Recommendation to the parties, who the Court hereby notifies of their right to object to the same.  The Court further notifies the parties

---

**(d) Reports by employers, plan administrators, etc.—**

**(1) In general.**--The Secretary shall by forms or regulations require that—

**(A)** the employer maintaining, or the plan administrator (within the meaning of section 414(g)) of, a plan from which designated distributions (as defined in section 3405(e)(1)) may be made . . .

make returns and reports regarding such plan (or contract) to the Secretary, to the participants and beneficiaries of such plan (or contract), and to such other persons as the Secretary may by regulations prescribe.

that they must file any objection to this Report and Recommendation with the clerk of the court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of service thereof.  Failure to file timely and specific objections may constitute waiver of objections upon subsequent review.

      DATED this 14th day of March, 2016.

                              BY THE COURT:

                              _____
                              EVELYN J. FURSE
                              United States Magistrate Judge