IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| KENTON W. STEPHENS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ALLIANT TECHSYSTEMS<br>CORPORATION and FIDELITY<br>INVESTMENTS INSTITUTIONAL<br>OPERATIONAL COMPANY,<br><br>　　　　Defendants. | **REPORT AND RECOMMENDATION ON**<br>**PLAINTIFF'S MOTION TO AMEND THE**<br>**COMPLAINT (ECF NO. 46)**<br><br>Case No. 1:15-cv-108-RJS-EJF<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Evelyn J. Furse |

On August 26, 2015, Plaintiff Kenton W. Stephens filed a Complaint *pro se* seeking an ex parte hearing on his tax liability and a declaratory judgment nullifying a 1099-R Form issued in connection with pension payments sent to Mr. Stephens by Defendants Alliant TechSystems Corporation ("ATK") and Fidelity Investments Institutional Operations Company, Inc. ("Fidelity").  (ECF No. 1.)  On December 17, 2015, after the initial period for pleading amendments under Federal Rule of Civil Procedure 15(a) had lapsed, Mr. Stephens attempted to file a Revised Complaint with an Appendix.  (ECF Nos. 34; *see* Fed. R. Civ. P. 15(a).)  Mr. Stephens filed an Amended Appendix on December 21, 2015.  (ECF No. 41.)  Shortly after these filings, the Court instructed Mr. Stephens to seek leave of the Court to amend his Complaint at this stage of the litigation, in accordance with Federal Rule of Civil Procedure 15(a) and Civil Rule 15-1 of the Rules of Practice for the United States District Court for the District of Utah.  (*See* Order, ECF No. 43.)  On January 4, 2016, Mr. Stephens filed this Motion for Leave to File Plaintiff's Amended Complaint.  (*See* "In Response To The Court's Order of 12/22/15 Plaintiff Motions The Court For Leave To Amend Plaintiff's Original Complaint By Having The Court

1

Enter Plaintiff's Revised (Amended) Complaint As Lodged On 17December2015 And To Also Enter Plaintiff's Associated Amended Appendix As Lodged On 12/21/2015" (hereinafter "Mot. to Amend Compl."), ECF No. 46.)  The Defendants opposed the Motion on January 14, 2016. (ECF No. 58.)

After reviewing the parties' filings and Mr. Stephens's Revised Complaint and Amended Appendix, the undersigned[1] RECOMMENDS the Court deny Mr. Stephens's Motion to Amend Complaint because the proposed amendment is futile.

## STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a)(1), a plaintiff may amend his complaint once as a matter of course within twenty-one days after serving it or receiving a response to the Complaint.  Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  ATK and Fidelity do not consent to Mr. Stephens's amendment.  (*See* Defs.' Resp. in Opp'n to Pl.'s Mot. to Amend Compl. (Opp'n) 3, ECF No. 58.)  Thus, the decision to grant leave to amend falls within the Court's discretion.  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

While "[t]he court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), "the district court may deny leave to amend where amendment would be futile," *Jefferson Cnty. Sch. Dist. No. R–1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason . . . ."  *Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001).

---

[1] On August 27, 2015, District Judge Robert J. Shelby referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) to handle the case up to and including Reports and Recommendations on all dispositive matters.  (ECF No. 6.)

## DISCUSSION

Mr. Stephens moves to amend his Complaint to address the new circumstances of the case now that the Court has denied Mr. Stephens's request for an ex parte hearing on his tax liability and the deadline for Mr. Stephens to file his 2014 tax return has passed.  (Mot. to Amend Compl. 1–2, ECF No. 46.)  Mr. Stephens also seeks amendment "to correct alleged errors and/or misconceptions allegedly introduced into the record by Defendants."  (*Id.* at 2.) ATK and Fidelity oppose Mr. Stephens's Motion on the grounds that amendment is futile because the case remains essentially a tax dispute that this Court lacks jurisdiction to resolve. (*See* Opp'n 3, ECF No. 58.)

Mr. Stephens's Revised Complaint alleges that the Qualified Domestic Relations Order ("QDRO") entered in 2007 in Utah state court violates the Employee Retirement Income Security Act ("ERISA") at 29 U.S.C. § 1056(d)(3)(C)(ii).  (*See* "Plaintiff's Revised Complaint In Response To The Court's Denial Of Plaintiff's Motion For An Ex Parte Hearing As Requested In Plaintiff's Original And Now Obsolete August 26, 2015 Complaint" (hereinafter "Revised Compl.") 4, ECF No. 34.)  The Revised Complaint also expands the relief Mr. Stephens seeks. (*See id.* at 7.)  The Original Complaint sought a hearing on Mr. Stephens's tax liability and a Court order voiding the 1099-R Form and declaring the Defendants distributed no income to Mr. Stephens from the Thiokol Propulsion Pension Plan (the "Plan") in 2014.  (*See* Compl. 3, ECF No. 1.)  The Revised Complaint seeks additional relief in the form of an order that the Defendants adopt an older version, from 2004, of the QDRO entered in the state case, immediately distribute all past Plan benefits held on Mr. Stephens's behalf, and resume monthly pension benefit payments under the newly modified QDRO.  (*See* Revised Compl. 7, ECF No. 34.)  While the Complaint raises concerns about conspiracy and fraud, it also clearly states that

Mr. Stephens "makes no claims of wrongdoing by Defendants." (*Id.* at 6; *see id.* at 3, 5.)  Thus, the Court does not address these allegations.

With respect to Mr. Stephens's request for a hearing resolving his 2014 tax liability and a Court order declaring the 1099-R Form void, the undersigned noted in its prior Report and Recommendation on Plaintiff's Motion for Declaratory Judgment that this Court lacks jurisdiction to declare the rights of parties with respect to federal taxes.  (*See* Report and Recommendation 2–3, ECF No. 69; 28 U.S.C. § 2201(a); *Wyo. Trucking Ass'n, Inc. v. Bentsen*, 82 F.3d 930, 932–33 (10th Cir 1996); *Lehman Bros. Bank, FSB v. Beverly Hills Estates Funding, Inc.*, 456 F. Supp. 2d 1211, 1214–15 (D. Utah 2006).)

The remaining proposed amendments seeking relief from the QDRO and recommenced Plan disbursements prove likewise futile.  The state court explicitly reserved jurisdiction of any further determination and clarification of the parties' rights and obligations under the applicable QDRO until such time as the Alternative Payee discharges all obligations under the QDRO.  (*See* December 2007 QDRO in Am. App. to Revised Compl. A34, ECF No. 41.)  Paragraph 14 of the QDRO currently in effect states:

> 14. The Court reserves jurisdiction over the parties and the subject matter of this Order until such time as all obligations of the Alternate Payee under this Order have been fully paid and discharged.  The Court reserves jurisdiction over this matter to amend this order as necessary if the Plan Administrator determines that [t]his Order does not satisfy the requirements of Internal Revenue Code Section 4i4(p) and, thus, is not a Qualified Domestic Relations Order.

(*Id.*)  Therefore, the state court remains the proper court in which Mr. Stephens can obtain the relief he seeks in his Revised Complaint.

Although Mr. Stephens attempts to frame his request for relief on alleged violations of ERISA, the state court can and should decide whether to afford the relief Mr. Stephens seeks because it specifically reserved jurisdiction to review and modify the QDRO it originally issued.

4

Indeed, neither Mr. Stephens's Complaint nor Revised Complaint definitively state any federal ERISA claim.  At one point in the Revised Complaint, Mr. Stephens alleges the current QDRO violates a specific section of ERISA providing that a QDRO must clearly specify the amount or percentage of the participant's benefits the plan must pay to an alternate payee.  *See* 29 U.S.C. § 1056(d)(3)(C)(ii).  The undersigned declines Mr. Stephens's invitation to analyze whether the QDRO entered in state court violates this ERISA provision.  While ERISA preempts nearly all state laws relating to private employee benefit plans and provides exclusive jurisdiction to the federal courts, 29 U.S.C. § 1144(a); *Jewell v. Life Ins. Co. of N. Am.*, 508 F.3d 1303, 1308 (10th Cir. 2007), ERISA's statutory language explicitly excepts QDROs from ERISA's general preemption provision.  29 U.S.C. § 1144(b)(7); *Carland v. Metropolitan Life Ins. Co.*, 935 F.2d 1114, 1119–20 (10th Cir. 1991) (holding that the statutory preemption exemption from ERISA includes divorce decrees meeting the statutory requirements for a QDRO).  Moreover, the Supreme Court has made clear that matters of state domestic relations law traditionally fall outside the domain of federal review.  *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 581 (1979).

Because Mr. Stephens's additional requested relief ensues from the resolution of a marital property dispute and ERISA does not preempt or conflict with the state court's jurisdiction, the undersigned RECOMMENDS the District Court defer to the state court's jurisdiction over the QDRO.  *See Reyher v. Trust Annuity Plan for Pilots of Trans World Airlines, Inc.*, 891 F. Supp. 591, 592 (M.D. Fla. 1995), *aff'd sub nom.*, *Reyher v. Trust Annuity Plan*, 108 F.3d 342 (11th Cir. 1997) (declining jurisdiction over QDRO "on principles of comity, deferring to the state court's continuing jurisdiction over a cause of action which is founded in domestic relations law.")

In sum, the undersigned concludes Mr. Stephens's proposed amendments fall outside this Court's subject matter jurisdiction under statutory law and principles of comity, making the proposed amendments futile. The undersigned RECOMMENDS the Court deny Mr. Stephens's Motion to Amend Complaint. (ECF No. 46.)

The Court will send copies of this Report and Recommendation to the parties, who the Court hereby notifies of their right to object to the same. The Court further notifies the parties that they must file any objection to this Report and Recommendation with the clerk of the court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of service thereof. Failure to file timely and specific objections may constitute waiver of objections upon subsequent review.

DATED this 11th day of August, 2016.

BY THE COURT:

*Evelyn J. Furse*
EVELYN J. FURSE
United States Magistrate Judge