IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| KENTON W. STEPHENS,<br><br>       Plaintiff,<br><br>vs.<br><br>ALLIANT TECHSYSTEMS<br>CORPORATION and FIDELITY<br>INVESTMENTS INSTITUTIONAL<br>OPERATIONAL COMPANY,<br><br>      Defendants. | **REPORT AND RECOMMENDATION ON<br>DEFNDANTS' MOTION FOR SUMMARY<br>JUDGMENT (ECF NO. 30)**<br><br>Case No. 1:15-cv-108-RJS-EJF<br><br>District Judge Robert J. Shelby<br>Magistrate Judge Evelyn J. Furse |

On August 26, 2015, Plaintiff Kenton W. Stephens filed a Complaint *pro se* against

Defendants Alliant TechSystems Corporation ("ATK") and Fidelity Investments Institutional

Operations Company, Inc. ("Fidelity").  (ECF No. 1.)  On December 1, 2015, ATK and Fidelity

filed a Motion for Summary Judgment.  (Defs.' Mot. for Summ. J. (Mot.), ECF No. 30.)  Mr.

Stephens opposed ATK and Fidelity's Motion, (ECF No. 39), and filed an Amended Opposition

shortly thereafter to add two missing exhibit pages, (ECF No. 40).  ATK and Fidelity replied in

support of their Motion for Summary Judgment on January 7, 2016.  (ECF No. 52.)

After considering the parties' written memoranda and relevant legal authorities, the

undersigned[1] RECOMMENDS the Court grant ATK and Fidelity's Motion for Summary

Judgment, (ECF No. 30),[2] because the Court lacks jurisdiction over the Declaratory Judgment

---

[1] On August 27, 2015, Judge Robert J. Shelby referred this case to the undersigned Magistrate
Judge under 28 U.S.C. § 636(b)(1)(B).  (ECF No. 6.)

[2] Pursuant to DUCiv R 7-1(f), the undersigned finds oral argument unnecessary and makes its
recommendation on the basis of the record and the parties' memoranda.

claim, Mr. Stephens has failed to put forth evidence to support each of the elements of his fraud claim, and he has not stated an ERISA claim.

## UNDISPUTED FACTS

The undersigned recounts the facts in this case as it must view them: in the light most favorable to Mr. Stephens, the party opposing summary judgment. *N. Natural Gas Co. v. Nash Oil & Gas, Inc.*, 526 F.3d 626, 629 (10th Cir. 2008). Moreover, the undersigned construes Mr. Stephens's filings with leniency because he proceeds pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even considering Mr. Stephens's pro se status, he still bears the burden of coming forward with evidence to support his claims as required by the Federal Rules of Civil Procedure and the local rules. *See* Fed. R. Civ. P. 56(c); DUCiv R 56-1(c); *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1324 (10th Cir. 1997) ("[A] plaintiff's allegations alone will not defeat summary judgment."); *Hall v. Bellmon*, 935 F.2d 1106, 1111 n.5 (10th Cir. 1991) ("[O]nce the movant points out an absence of proof on an essential element of the nonmovant's case, the burden shifts to the nonmovant to provide evidence to the contrary."); *Brown v. Crawford,* 906 F.2d 667, 670 (11th Cir. 1990) ("[A] pro se litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment."). Thus, in viewing the evidence in the light most favorable to Mr. Stephens, the undersigned considers all of Mr. Stephens's allegations that he supports with evidence. *See* Fed. R. Civ. P. 56(c)(1); *Overton v. United States*, 925 F.2d 1282, 1283–85 (10th Cir. 1991) (construing pro se pleadings liberally in review of summary judgment).

In addition, the Court deems admitted any fact alleged in ATK and Fidelity's Motion and supported by evidence that Mr. Stephens fails to dispute or respond to in his Opposition. *See* DUCiv R 56-1(c) ("[A]ll material facts of record . . . that are set forth with particularity in the

movant's statement of material facts will be deemed admitted unless specifically controverted by the statement of the opposing party identifying and citing to material facts of record . . . ."); *see also* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . .").  Viewed in this light, the relevant facts are as follows.

Mr. Stephens is a participant in the Thiokol Propulsion Pension Plan (the "Plan"). (Qualified Domestic Relations Order (QDRO), Attach. 1 to Pl.'s Am. Opp'n to Defs.' Mot. for Summ. J. (Opp'n) 2, ECF No. 40; *see* Compl. ¶ 7, ECF No. 1.)  In December 2007, the Utah State District Court for Box Elder County, Utah entered a QDRO that designated Mr. Stephens's ex-wife as the alternate payee under the Plan and allocated a portion of Mr. Stephens's accrued pension benefits to her.  (Compl. ¶ 8, ECF No. 1; QDRO, Attach. 1, 1–3, ECF No. 40; *see* Opp'n 3, ECF No. 40.)  On January 20, 2008, Mr. Stephens turned seventy and a half years old. (QDRO, Attach. 1, 1, ECF No. 40.)  Beginning in August 2009, Fidelity sent Mr. Stephens benefit checks for Mr. Stephens's monthly pension benefit from the Plan.  (Mot. 5, ECF No. 30; Compl. ¶ 3, ECF No. 1.)  Mr. Stephens returned the envelopes unopened to ATK and Fidelity, who voided the checks after 120 days according to company policy.  (Mot. 5, ECF No. 30; Compl. ¶¶ 3, 8, ECF No. 1.)  In late 2014, Fidelity issued a check to Mr. Stephens for a lump-sum payment of all previous benefits due to Mr. Stephens up to that point.  (Mot. 5, ECF No. 30; Compl. ¶ 9, ECF No. 1.)  Fidelity also filed a corresponding Form 1099-R with the IRS for a gross distribution of $152,890.38.  (Mot. 5, ECF No. 30; Compl. ¶ 2, ECF No. 1; Compl. Attach. 1, ECF No. 1-1.)  As with the prior payments, Mr. Stephens did not cash this lump-sum check in

late 2014 and returned the envelope unopened to Fidelity.  (Compl. ¶¶ 3, 10, ECF No. 1; Compl.

Attach. 2, ECF No. 1-2.)

## DISCUSSION

A court may grant summary judgment only where "the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law."  Fed. R. Civ. P. 56(a).  In reviewing the Defendants' Motion, the Court must "view the

evidence and make all reasonable inferences in the light most favorable to the nonmoving party."

*N. Natural Gas*, 526 F.3d at 629 (citation omitted).

### A. Declaratory Judgment

As the undersigned noted in its prior Report and Recommendation on Plaintiff's Motion

for Declaratory Judgment, the Declaratory Judgment Act bars this Court from declaring the

rights of parties with respect to federal taxes.  (*See* Report & Recommendation 2–3, ECF No. 69;

28 U.S.C. § 2201(a); *Wyo. Trucking Ass'n, Inc. v. Bentsen*, 82 F.3d 930, 932–33 (10th Cir 1996);

*Lehman Bros. Bank, FSB v. Beverly Hills Estates Funding, Inc.*, 456 F. Supp. 2d 1211, 1214–15

(D. Utah 2006).)  Therefore, the undersigned RECOMMENDS granting summary judgment for

ATK and Fidelity on the declaratory judgment claim.

Mr. Stephens has left his remaining claims unclear as to legal theory.  However,

construing his Opposition liberally, *see Hall*, 935 F.2d at 1110 n.3, the undersigned reads Mr.

Stephens's Complaint to assert ATK and Fidelity committed fraud by issuing the 1099-R Form

for payment to Mr. Stephens even though he did not ultimately open or accept the lump-sum

pension check.  (*See* Compl. ¶¶ 2–3, ECF No. 1; Opp'n 2, ECF No. 40 (". . . Defendants then

allegedly attempt to use their position as pension administrator, ERISA law, and an allegedly

illegal QDRO to commit an act fraud [sic] against Plaintiff.").)  Likewise, given Mr. Stephens's

pro se status, the undersigned reads the Civil Cover Sheet to suggest that ATK and Fidelity violated the Employee Retirement Income Security Act ("ERISA") in carrying out their duties as pension administrators.  (*See* Compl., Civil Cover Sheet, ECF No. 1-3; Opp'n 4–5, ECF No. 40 (". . . Plaintiff's case remains a case about ERISA pension law and how the pension administrator is supposed to carry out their responsibilities.").)

Upon reviewing the evidence on record as to both contentions, Mr. Stephens fails to put forth evidence sufficient to allow a reasonable jury to find that ATK and Fidelity committed fraud and fails to explain what portion of ERISA ATK and Fidelity violated.

### B.  Fraud

The Utah Supreme Court has set forth the elements of fraud as follows:

> (1) That a representation was made; (2) concerning a presently existing material fact; (3) which was false; (4) which the representor either (a) knew to be false, or (b) made recklessly, knowing that he [or she] had insufficient knowledge upon which to base such representation; (5) for the purpose of inducing the other party to act upon it; (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it; (8) and was thereby induced to act; (9) to his [or her] injury and damage.

*Crookston v. Fire Ins. Exch.,* 817 P.2d 789, 800 (Utah 1991) (quoting *Pace v. Parrish,* 247 P.2d 273, 274–75 (1952) (alteration in original)).  Furthermore, Federal Rule of Civil Procedure 9 requires "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  "'At a minimum, Rule 9(b) requires that a plaintiff set forth the "who, what, when, where and how" of the alleged fraud[,]' and must 'set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'"  *U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield,* 472 F.3d 702, 726–27 (10th Cir. 2006) (quoting *Thompson v. Columbia/HCA*

*Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) & *Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir. 2000)).

Mr. Stephens's Complaint does not mention fraud; in fact, in an attempt to secure a quick resolution to his case, Mr. Stephens declares that he "makes no claims of wrongdoing by Defendants [ATK and Fidelity]."  (Compl. ¶ 12, ECF No. 1.)  Nonetheless, in his Opposition, Mr. Stephens claims ATK and Fidelity committed fraud by "allegedly carefully manipulat[ing] the writing and mailing of those checks so as to cancel them before Plaintiff could respond to the IRS Form 1099- R" and "allegedly never intended to distribute income to Plaintiff but from the beginning intended to defraud Plaintiff."  (Opp'n 4–5, ECF No. 40.)  Mr. Stephens did plead that ATK and Fidelity filed an IRS 1099-R Form showing they paid him $152,890.23 when in fact he returned the check and thus never received any such income.  (Compl. ¶¶ 2–3, ECF No. 1.)  Mr. Stephens further alleges ATK and Fidelity knew the falsity of their statement about his receiving the income because they received his returned check and admitted he had received no such income.  (*Id.*)  Mr. Stephens submitted both the 1099-R Form and the letter admitting that ATK voided the check at issue.  (Compl., Attachs. 1 & 2, ECF Nos. 1-1 & 1-2.)  Mr. Stephens also alleges that he will incur tax liability as a result of the statement.  (Compl. ¶¶ 5–6, ECF No. 1.)  ATK and Fidelity do not contest this allegation.

However, Mr. Stephens does not allege, let alone submit evidence to support, the other elements of fraud.  More specifically, Mr. Stephens presents no evidence that ATK and Fidelity made the statement to induce him to act, nor that he relied on their misrepresentation and that ATK and Fidelity actually induced him to act, nor that he acted in ignorance of the statement's falsity.  In fact, Mr. Stephens alleges quite the opposite—that he knew of the statement's falsity all along and simply wishes to correct it.

6

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–23.  Because Mr. Stephens admits he knew the statement about his receiving income was false when made, he cannot prove his fraud claim. (*See* Compl. ¶ 4, ECF No. 1.)  To the extent that Mr. Stephens alleges a claim of fraud against ATK and Fidelity, the undersigned RECOMMENDS granting summary judgment for ATK and Fidelity on the fraud claim.

### C.  ERISA

Mr. Stephens also suggests that this case "remains a case about ERISA pension law and how the pension administrator is supposed to carry out their responsibilities" and "only requests The Court to require Defendants to comply with ERISA law."  (Opp'n 4–5, ECF No. 40.)  Mr. Stephens does not cite to any provision of ERISA in his Complaint or Opposition, and the undersigned will not search ERISA on his behalf.  Despite a plaintiff's pro se status, courts do not "assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110.  In opposing summary judgment, the local rules require that Mr. Stephens state additional legal elements that he contends preclude summary judgment, with citation to legal authority and any additional material facts that create a genuine issue for trial.  DUCiv R 56-1(c)(2)(D).  Thus, contrary to Mr. Stephens's assertion, ATK and Fidelity do not bear the burden to identify statutes or case law to support their compliance with the law.  (*See* Opp'n 3, ECF No. 40.)  A defendant moving

for summary judgment need only identify a lack of evidence supporting a plaintiff's claim,

shifting the burden to the plaintiff to support his claim.  *Celotex*, 477 U.S. at 325.  In any event,

Mr. Stephens fails to identify what part of ERISA ATK and Fidelity violated.  Thus, to the extent

that Mr. Stephens alleges that ATK and Fidelity's actions violate ERISA, the undersigned

RECOMMENDS the Court dismiss Mr. Stephens's ERISA claim.

## RECOMMENDATION

For the reasons set forth above, the undersigned RECOMMENDS the Court grant ATK

and Fidelity's Motion for Summary Judgment, (ECF No. 30).

The Court will send copies of this Report and Recommendation to the parties, who the

Court hereby notifies of their right to object to the same.  The Court further notifies the parties

that they must file any objection to this Report and Recommendation with the clerk of the court,

pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of service

thereof.  Failure to file timely and specific objections may constitute waiver of objections upon

subsequent review.

DATED this 22nd day of August, 2016.

BY THE COURT:

_____

EVELYN J. FURSE
United State'Octkntcvg'Lwf i g